UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DIANA FALERO,

                          Plaintiff,

-against-

DOMINO'S PIZZA, LLC and "JOHN or JANE DOES",
fictitious names intended for the operators of the vehicle,

                          Defendants.
----------------------------------------------------------X

Case No. 17 Civ. 151 (KAM)(LB)

AFFIRMATION IN
SUPPORT OF MOTION

Returnable: October 8, 2018

      CHRISTOPHER KENDRIC, an attorney duly admitted to practice before this Court, hereby declares the following to be true under penalty of perjury:

      1.    I am the principal of KENDRIC LAW GROUP P.C., attorneys for Defendant DOMINO'S PIZZA LLC in the above-entitled action. I am thoroughly familiar with the facts and circumstances discussed herein, having personally handled the defense of this case since inception.

      2.    This Affirmation and accompanying Memorandum of Law are offered in support of the within Motion, for an Order:

> (i) limiting the trial testimony of Plaintiff's treating physician Charles Kaplan, M.D. to strictly that of a fact witness, as she has failed to comply with the disclosure requirements of Fed. R. Civ. P. Rule 26(a)(2)(B)(i) and (ii),
>
> as Plaintiff has not provided a written report setting forth any opinions formed by Dr. Kaplan, or the basis or reason for such opinions, or the facts or data considered by him in arriving at such opinions,
>
> thus limiting Dr. Kaplan's trial testimony to complaints, information and medical findings he personally acquired from Plaintiff, during his course of treatment of her,
>
> but precluding Dr. Kaplan from giving any testimony with respect to "scientific, technical or other specialized knowledge," or pertaining to facts and evidence outside the scope of his treatment of Plaintiff, including without limitation:
>
> - what is shown on Plaintiff's MRI images, which he admittedly did not review;
>
> - medical histories and complaints given by Plaintiff to her other physicians in other medical offices who are not under Dr. Kaplan's direct supervision;

- findings of other physicians in other medical offices with whom he had no interaction in his care and treatment of Plaintiff;

- the specifics of any care and treatment rendered to Plaintiff, or medical procedures performed, by other physicians in other medical offices who are not under his direct supervision, with whom he had no interaction in his care and treatment of Plaintiff;

- a causal relationship between Plaintiff's claimed injuries and the subject accident;

- a prognosis of Plaintiff's future medical condition;

- future care and treatment;

- the expected cost of same; and

- physical disability resulting from the subject accident.

3. Plaintiff's Notice of Exchange of Expert Information dated June 27, 2017, attached as Ex. A.

4. Plaintiff's Notice of Exchange of Expert Information dated July 21, 2017, attached as Ex. B.

5. Transcript of deposition testimony given by Charles Kaplan, M.D. on August 25, 2017, attached as Ex. C.

6. Dr. Kaplan's entire medical chart on Plaintiff, produced at the time of his deposition, attached as Ex. D.[1]

7. At ¶ 9 of the proposed Joint Pre-Trial Order filed on December 21, 2017 (Docket No. 18), Plaintiff submitted the following generic, boilerplate statement:

> Dr. Charles A. Kaplan was the plaintiff's treating physician and was exchanged as Plaintiff's medical expert at the time of trial. Dr. Kaplan will be expected to testify with regard to the history provided by the plaintiff and the medical records reviewed, plaintiff's physical condition, past and present complaints, and render a diagnosis and future prognosis regarding same. Dr. Kaplan will testify as to his examinations and treatment of the plaintiff

---

[1] Only one of Kaplan's notes – from June 14, 2017 – is signed. None of the "Physical Medicine Daily Notes" included within his records is signed. The names of the physical therapists who supposedly created these Daily Notes are not listed and there is no reliable way of knowing their accuracy.

> and the treatment rendered to the plaintiff (per records and authorizations exchanged regarding same), operative procedures performed with results and follow-up care and treatment. Dr. Kaplan will also testify as to the plaintiff's necessity for future care and treatment to the areas injured on the date of the subject accident as well as the future cost of this case, treatment and therapy in the past and in the future. He will testify that as a direct result of the subject accident, the plaintiff sustained multiple physical injuries. Dr. Kaplan will testify as to the causal relationship between the plaintiff's injuries, the future prognosis of these injuries, as well as that as a result of said accident, the plaintiff was rendered disabled. Dr. Kaplan will testify that the plaintiff's injections and surgeries were required due to the subject accident and were medically necessary. Dr. Kaplan's testimony will be based upon his physical examinations of the plaintiff, a review of the relevant medical records, studies, reports and radiographic films generated during the plaintiff's treatments as well as his own education, training and experience in the field.

8. The foregoing statement speaks only in vague generalities. The closest this statement comes to actually providing an opinion is, "He will testify that as a direct result of the subject accident, the plaintiff sustained multiple physical injuries." What "physical injuries" are being referred to is kept secret. The basis for this opinion is likewise cloaked in mystery.

9. Defendant responded, at ¶ 9, asserting multiple objections to the scope of Dr. Kaplan's proffered testimony:

> Dr. Kaplan is a physiatrist or physical medicine and rehabilitation specialist. He administered a number of "trigger point" injections into Plaintiff's neck, back and shoulders, and oversaw her physical therapy program at his facility. Inexplicably, Plaintiff has never served a proper narrative medical report from Kaplan in compliance with FRCP Rule 26(a)(2), and he is the only physician identified to give expert testimony at the time of trial.
>
> Defendant objects to and will move to preclude any testimony from this witness with respect to future care and treatment, and to the expected cost of same. Dr. Kaplan's office notes do not provide any opinion as to future care and treatment, except vague remarks as to what Plaintiff "may need" or "may require". Kaplan's office notes do not provide any opinion as to the expected cost of additional treatment, and during his deposition, he testified he is "not involved with the business of the office" and would not be qualified to competently testify as to the cost of medical treatment now or in the future.
>
> Defendant further objects to and will move to preclude any testimony from this witness as to what is shown on Plaintiff's MRI images. During his deposition, Dr. Kaplan testified he did not review any actual MRI images but only the corresponding reports from

radiologists interpreting said images. Testimony as to how another physician – not being called in to court to testify – interpreted an MRI image is inadmissible hearsay under FRE 801(c) and 703.

Defendant further objects to and will move to preclude any testimony from this witness as to <u>medical histories</u> and <u>complaints</u> given by Plaintiff to her other physicians in other medical offices who are not under his direct supervision. Such histories and complaints are inadmissible hearsay under FRE 801(c) and 703.

Defendant further objects to and will move to preclude any testimony from this witness as to the <u>findings</u> of other physicians in other medical offices with whom he had no interaction in his care and treatment of Plaintiff. He has not based his opinions upon the findings of Plaintiff's other physicians, and has not relied upon such findings in his care and treatment of Plaintiff. Such testimony is inadmissible under FRE 703.

Defendant further objects to and will move to preclude any testimony from this witness as to the <u>specifics of any care and treatment</u> rendered to Plaintiff, or medical procedures performed, by other physicians in other medical offices who are not under his direct supervision, and with whom he had no interaction in his care and treatment of Plaintiff. Such testimony is inadmissible under FRE 703.

Defendant further objects and will move to preclude any testimony from this witness as to a causal relationship between Plaintiff's claimed injuries and the subject accident. Further specifics regarding this objection will require a lengthy recitation of Dr. Kaplan's deposition testimony in a separate motion *in limine*.

Defendant further objects and will move to preclude any testimony from this witness as to a prognosis of Plaintiff's future medical condition. Plaintiff has never served a proper narrative medical report in compliance with FRCP Rule 26(a)(2), and Dr. Kaplan's office notes give no prognosis.

Defendant further objects and will move to preclude any testimony from this witness on the subject of disability resulting from the subject accident. During his deposition, Dr. Kaplan testified he knew Plaintiff stopped working in 2002, and then went out on Social Security disability in 2007, due to pre-existing medical conditions and all long before this May 2015 accident. Plaintiff herself has testified to these facts. Accordingly, such testimony is inadmissible under FRE 403 and 703. Also, Plaintiff has never served a proper narrative medical report in compliance with FRCP Rule 26(a)(2), and Dr. Kaplan's office notes give no opinion with respect to disability.

WHEREFORE, it is respectfully requested that Defendant's prayer for relief be granted in its entirety.

Dated: Garden City, New York
September 10, 2018

_____
CHRISTOPHER KENDRIC (1870)
KENDRIC LAW GROUP P.C.
*Attorneys for Defendant*
*DOMINO'S PIZZA LLC*
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 732-4774